FILED
2012 OCT 12 PM 2:41
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

Jeffrey F. Gersh, State Bar No. 87124
jgersh@gershderbylaw.com
Paul B. Derby, State Bar No. 211352
pderby@gershderbylaw.com
Benjamin S. Harris, State Bar No. 227506
bharris@gershderbylaw.com
GERSH|DERBY, Attorneys at Law
15821 Ventura Boulevard, Suite 515
Encino, California 91436
Telephone: (818) 536-5700
Facsimile: (818) 981-4618

Attorneys for Defendant
L AND R AUTO PARKS, INC. D.B.A. WALLY PARK

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

PATRICK WHITE, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

L AND R AUTO PARKS, INC., a California corporation d/b/a Wally Park and DOES 1 through 25, inclusive,

    Defendants.

Case No. CV12-8767-MMM (PJWx)

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(B)**

---

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(B)**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant L AND R AUTO PARKS, INC., a California corporation d/b/a Wally Park ("Defendant") hereby removes the above-captioned action, Case No. BC491845, currently pending in the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441(b). Federal jurisdiction over this action is proper under 28 U.S.C. §§ 1331 and 1441(b) as the action is based upon claims arising under federal law. Removal is based upon the following grounds:

1. On or about September 11, 2012, plaintiff Patrick White ("Plaintiff") filed an action in the Superior Court of the State of California, County of Los Angeles, entitled *Patrick White v. L and R Auto Parks, Inc., et al.*, Case No. BC491845 (the "State Court Action"). Attached hereto as Exhibit A is a true and correct copy of the Summons and Complaint for Damages and Injunctive Relief ("Complaint").

2. The Complaint in the State Court Action alleges a single cause of action for violation of 15 U.S.C. § 1681, *et seq.* (the Fair and Accurate Credit Transactions Act). The Summons and Complaint were served on Defendant on or about September 13, 2012.

3. Pursuant to 28 U.S.C. § 1446 and Rule 6 of the Federal Rules of Civil Procedure, Defendant has until October 15, 2012, to file a Notice of Removal. This Notice of Removal, which is filed on behalf of the only named Defendant in this action, is therefore timely filed.

## JURISDICTION

4. The State Court Action is a matter over which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), as it is based on a claim arising under federal law. Specifically, Plaintiff alleges violation of the Fair and

GERSH | DERBY
ATTORNEYS AT LAW

1

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(B)**

Accurate Credit Transactions Act (15 U.S.C. § 1681, *et seq.*).

## NOTICE

5. Attached hereto as Exhibit B is a copy of the Notice to State Court and Adverse Parties of Removal of Civil Action to the United States District Court under Federal Question Jurisdiction, 28 U.S.C. § 1441(b). The Defendant will promptly serve Exhibit B on counsel for Plaintiff and will file it with the Clerk of the Los Angeles Superior Court.

**WHEREFORE**, Defendant prays that the above-entitled action now pending in the Superior Court of the State of California in and for the County of Los Angeles be remanded to this Court pursuant to 28 U.S.C. § 1441(b).

DATED: October 12, 2012        GERSH | DERBY, Attorneys at Law

By: _____
BENJAMIN S. HARRIS
Attorneys for Defendant
L AND R AUTO PARKS, INC. D.B.A.
WALLY PARK

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** L AND R AUTO PARKS, INC., a
*(AVISO AL DEMANDADO):* California corporation d/b/a
WallyPark; and DOES 1 through 25, inclusive.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 11 2012

John A. Clarke, Executive Officer/Clerk
BY *Cristina Grijalva*, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** PATRICK WHITE, on
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* behalf of himself
and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
111 North Hill Street
Los Angeles, CA 90010

**CASE NUMBER:**
*(Número del Caso):*
BC491845

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel F. Gaines, Esq. (251480)          818.703.8985    818.703.8984
Gaines & Gaines, APLC
21500 Oxnard Street, Suite 980
Woodland Hills, California 91367

DATE: SEP 11 2012            John A. Clarke   Clerk, by ___CRISTINA GRIJALVA___, Deputy
*(Fecha)*                         *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A

KENNETH S. GAINES, ESQ. SBN 049045
Ken@gaineslawfirm.com
DANIEL F. GAINES, ESQ. SBN 251488
Daniel@gaineslawfirm.com
ALEX P. KATOFSKY, ESQ. SBN 202754
Alex@gaineslawfirm.com
**GAINES & GAINES, APLC**
21550 Oxnard Street, Suite 980
Woodland Hills, California 91367
Telephone:    (818) 703-8985
Facsimile:     (818) 703-8984

Attorneys for Plaintiff Patrick White,
on behalf of himself and others similarly situated

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

SEP 11 2012

John A. Clarke, Executive Officer/Clerk
BY _Cristina Grijalva_ /Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PATRICK WHITE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> L AND R AUTO PARKS, INC., a California corporation d/b/a WallyPark; and DOES 1 through 25, inclusive. <br><br> Defendants. | Case No.: **BC 491845** <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Patrick White ("White" or "Plaintiff"), on behalf of himself and all others similarly situated (the "Class" or "Plaintiff Class") and on behalf of the general public, complains of Defendants, and each of them, as follows:

### INTRODUCTION

1.   This is a Class Action, pursuant to Code of Civil Procedure § 382, on behalf of Plaintiff and other individuals who used credit or debit cards to make purchases from parking lots owned and/or operated by Defendant L AND R AUTO PARKS, INC., d/b/a WallyPark and its subsidiaries or affiliated companies (hereinafter collectively referred to as "Defendants") nationwide.

- 1 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2. In 2003, Congress passed the Fair and Accurate Credit Transaction Act ("FACTA") to assist in the prevention of identity theft and credit and debit card fraud.

3. A main provision of FACTA (codified as 15 U.S.C. § 1681c(g) of the Fair Credit Reporting Act) provides that:

> "No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

4. Defendants have willfully violated this law and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by printing the expiration date on receipts provided to debit card and credit card cardholders transacting business with Defendants.

5. Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendants based on Defendants' violation of 15 U.S.C. §§ 1681 et seq.

6. Plaintiff seeks, on behalf of himself and the class, statutory damages, punitive damages, costs and attorneys' fees, all of which are expressly made available by statute at 15 U.S.C. §§ 1681 et seq., and a permanent injunction enjoining Defendants from continuing their unlawful practice of willfully violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud.

## PARTIES

7. Plaintiff Patrick White is, and at all times relevant hereto was, a resident of the State of California, County of Los Angeles.

8. At all times relevant herein, Defendant L AND R AUTO PARKS, INC., d/b/a WallyPark has been a California corporation doing business in the State of California, County of Los Angeles. The violations alleged herein have taken place at Defendant's business locations in Los Angeles County. Venue as to each Defendant is therefore proper in this judicial district, pursuant to Code of Civil Procedure § 395.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 25, inclusive, are currently unknown to

Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

10. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

## FACTUAL BACKGROUND

11. At all times since at least September 10, 2011, Defendants have owned and/or operated one or more parking lots in Los Angeles County doing business under the fictitious business name "WallyPark."

12. Based on information and belief, Plaintiff alleges that Defendants accept credit and debit cards from customers to pay to park at their parking lots.

13. Plaintiff used a debit or credit card to pay to park at one of Defendant's parking lots during 2012. The entire expiration date of his credit or debit card was printed on the receipt generated and provided to him at the point of sale.

14. Plaintiff is informed and believes, and based thereon alleges, that Defendants print the entire expiration date on receipts provided to their customers for credit and debit card transactions since at least September 11, 2010.

## CLASS ALLEGATIONS

15. Plaintiff brings this class action pursuant to California Code of Civil Procedure § 382. Plaintiff seeks to certify a Class composed of and defined as follows:

"All persons in the United States to whom, through use of a machine used by Defendants, were provided with an electronically printed receipt at the point of a sale or transaction on

- 3 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

which the expiration date of the person's credit or debit card was printed since the date two years prior to the filing of this Action."

**Numerosity**

16. The Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

17. Plaintiff is informed and believes, and thereon alleges, that there are, at minimum, hundreds of members of the Plaintiff Class.

18. The exact size of the Plaintiff Class and the identities of the individual members thereof are ascertainable through Defendants' records, including, but not limited to, Defendants' sales and transaction records.

**Typicality**

19. Plaintiff's claims are typical of the claims of the Class. The claims of the Plaintiff and the Class are based on the same legal theories and arise from the same unlawful conduct.

20. Plaintiff and the Class members were each customers of Defendants, each having made a purchase from, or transacted other business with, Defendants using a credit card and/or debit card. At the point of such sale or transaction with Plaintiff and Class members, Defendants provided to Plaintiff and each Class member a receipt which violated 15 U.S.C. § 1681c(g).

**Common Questions of Fact and Law**

21. There is a well-defined community of interest and common questions of fact and law affecting the Class members.

22. The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

 (a) Whether Defendants' conduct of providing Plaintiff and the Class members with a sales or transaction receipt whereon Defendants printed the expiration date of the credit card violated FACTA, 15 U.S.C. §§ 1681 et seq.;

 (b) Whether Defendants' conduct was willful;

- 4 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(c) Whether Plaintiff and Class members are entitled to statutory damages, punitive damages, costs and/or attorneys' fees for Defendants' acts and conduct; and

(d) Whether Plaintiff and Class members are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

**Adequacy of Representation**

23. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the Class members and has no interests antagonistic to the Class members. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

**Superiority**

24. A class action is superior to other available means for the fair and efficient adjudication of the Class claims. The damages suffered by individual Class members are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each Class member to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced by or against any Class member. The likelihood of the individual Class members prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each Class member. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

**Injunctive Relief**

25. Defendants have acted on grounds generally applicable to the Class members, thereby making appropriate final injunctive relief with respect to the Class as a whole.

- 5 -
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

## FIRST CAUSE OF ACTION

## PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS

## FOR VIOLATION OF 15 U.S.C. §§ 1681 ET. SEQ.

26. Plaintiff hereby incorporates by reference all the allegations contained in paragraphs 1 through 25, inclusive, of this Complaint as if fully set forth herein.

27. Plaintiff asserts this claim on behalf of himself and the Class against Defendants and each of them.

28. Title 15 U.S.C. § 1681c(g)(1) provides in relevant part that:

> "...no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction."

29. Defendants transact business in California and accept credit cards and/or debit cards in the course of transacting business with persons such as Plaintiff and the Class members. In transacting such business, Defendants use cash registers and/or other machines or devices that electronically print receipts for credit card and/or debit card transactions.

30. Defendants, at the point of sale or transaction with Plaintiff, provided Plaintiff with one or more electronically printed receipts on each of which Defendants printed the expiration date of Plaintiff's credit or debit card.

31. Defendants, at the point of a sale or transaction with Class members, provided, through use of a machine, each member of the Class with one or more electronically printed receipts, each of which Defendants printed, for each respective Class member, the expiration date of such member's credit or debit card.

32. Defendants' actions were and continue to be willful. Defendants intentionally print expiration dates on Plaintiff's and Class members' receipts. Defendants knew of, or should have known of, and were informed about the law, including specifically FACTA's requirements concerning the prohibition on printing of expiration dates.

33. In addition, on information and belief, many companies such as VISA and MasterCard devised and implemented policies well before the operative date of FACTA's

requirements, wherein such companies as VISA and MasterCard and others required Defendants (and informed Defendants of the FACTA requirements) to prevent the printing of expiration dates on receipts.

34. Despite knowing and being repeatedly informed about FACTA and the importance of preventing the printing of expiration dates on receipts, Defendants and each of them willfully violated and continue to violate FACTA's requirements by printing the expiration date on the receipts provided to Class members – persons with whom Defendants transact business.

35. Defendants willfully violated FACTA in conscious disregard of the rights of Plaintiff and the Class members thereby exposing Plaintiff and the Class members to an increased risk of identity theft and credit and/or debit card fraud.

36. As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each Class member in the statutory damage amount of "not less than $100 and not more than $1000" for each violation. 15 U.S.C. § 1681n(a)(1)(A).

37. As a result of Defendants' willful violations of FACTA, Plaintiff and the Class members are entitled to recover costs of suit and their reasonable attorneys' fees. 15 U.S.C. § 1681n(a)(3).

38. As a result of Defendants' willful violations of FACTA, Plaintiff and the Class members are entitled to punitive damages. 15 U.S.C. § 1681n(a)(2).

39. Defendants' conduct is continuing and, unless restrained, Defendants will continue to engage in their unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class members, prays for:

1. An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing Gaines & Gaines, APLC representing Plaintiff as counsel for the Class;
2. An award to Plaintiff and the Class members of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Defendants' willful violations of FACTA;

3. An award to Plaintiff and the Class members of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);
4. Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);
5. Payment of reasonable attorneys' fees pursuant to, *inter alia*, 15 U.S.C. § 1681n(a)(3);
6. A permanent injunction enjoining Defendants and each of them from engaging in their violations of FACTA; and
7. For other and further relief as the Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the putative Class members, demands a trial by jury on all claims and causes of action to which she is entitled to a jury trial.

Respectfully submitted,

Dated: September 10, 2012

GAINES & GAINES, APLC.

By: _____
DANIEL F. GAINES
ALEX P. KATOFSKY
ATTORNEYS FOR PLAINTIFF

Jeffrey F. Gersh, State Bar No. 87124
jgersh@gershderbylaw.com
Paul B. Derby, State Bar No. 211352
pderby@gershderbylaw.com
Benjamin S. Harris, State Bar No. 227506
bharris@gershderbylaw.com
GERSH | DERBY, Attorneys at Law
15821 Ventura Boulevard, Suite 515
Encino, California 91436
Telephone: (818) 536-5700
Facsimile: (818) 981-4618

Attorneys for Defendant
L AND R AUTO PARKS, INC. D.B.A. WALLY PARK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PATRICK WHITE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>L AND R AUTO PARKS, INC., a California corporation d/b/a Wally Park and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. BC491845<br>[Hon. Emilie H. Elias, Dept. 324]<br><br>**NOTICE TO STATE COURT AND ADVERSE PARTIES OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. § 1441(B)** |

GERSH | DERBY
ATTORNEYS AT LAW

EXHIBIT B

TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES, AND ALL PARTIES OF RECORD:

**PLEASE TAKE NOTICE** that Defendant in the above-captioned action L AND R AUTO PARKS, INC. d/b/a Wally Park has filed a Notice of Removal with the Clerk of the United States District Court for the Central District of California, a true and correct copy is attached hereto as Exhibit 1.

DATED: October 12, 2012          GERSH | DERBY, Attorneys at Law

By: _____
BENJAMIN S. HARRIS

Attorneys for Defendant
L AND R AUTO PARKS, INC. D.B.A. WALLY PARK

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 15821 Ventura Boulevard, Suite 515, Encino, California 91436.

On October 12, 2012, I served the foregoing document described as: **Notice of Removal of Civil Action Pursuant to 28 USC §1441(B)** on all interested parties to this action ☒ by placing the true copies thereof enclosed in sealed envelopes addressed as follows;

Kenneth S. Gaines, Esq.
Daniel F. Gaines, Esq.
Gaines & Gaines
21550 Oxnard Street, #980
Woodland Hills, CA 91367
(818) 703-8985
(818) 703-8984
ken@gaineslawfirm.com

☒ **(BY MAIL)** By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with GERSH|DERBY's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Encino, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY PERSONAL SERVICE)** I caused the above-referenced document(s) to be delivered to _____ at the above address(es).

☐ **(BY E-MAIL)** I caused the above-referenced document to be transmitted via e-mail from _____ @gershderbylaw.com directed to _____.

☐ **(BY OVERNIGHT CARRIER)** I caused the above-referenced document to be transmitted via Federal Express to _____ at the above-referenced address.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 12, 2012, at Encino, California.

HEATHER NAPIER

PROOF OF SERVICE